IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL A. RYAN                                                                    PLAINTIFF

    v.    Civil No. 11-2115

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                   DEFENDANT

**MEMORANDUM OPINION**

  Plaintiff, Michael Ryan, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I. Procedural Background:**

  The plaintiff filed his applications for DIB and SSI on October 25, 2007, alleging an onset date of March 2, 2006, due to a back disorder, degenerative disk disease ("DDD") of the lumbar spine, mood disorder, and ethanol abuse. Tr. 73, 161. His applications were denied initially and on reconsideration. Tr. 39-48, 51-54.

  An administrative hearing was held on May 27, 2009. Tr. 19-60. Plaintiff was present and represented by counsel. At this time, plaintiff was 50 years of age and possessed a high school education with two years of college. Tr. 23. He had past relevant work ("PRW") experience as a laborer at a beverage distributorship, general laborer in construction, and wheel mold polisher. Tr. 55, 172.

  On October 20, 2009, the Administrative Law Judge ("ALJ") concluded that, although severe, Plaintiff's DDD of the lumbar spine, mood disorder, and ethanol abuse did not meet or medically equal one of the listed impairments in 20 C. F. R., Part 404, Subpart P, Appendix 1. Tr. 72-74. She then determined that if Plaintiff stopped the substance abuse, the remaining limitations would cause more than

a minimal impact on the Plaintiff's ability to perform basic work activities; therefore he could continue to have a severe impairment or combination of impairments that did not meet or medically equal a listed impairment. Tr. 74-76. Accordingly, if Plaintiff stopped the substance abuse, the ALJ found Plaintiff would retain the residual functional capacity ("RFC") to perform light work requiring only frequent climbing, balancing, stooping, kneeling, crouching, and crawling. Tr. 76-77. With the assistance of a vocational expert, the ALJ concluded that Plaintiff could return to his PRW as a production assembler. Tr. 77.

Plaintiff appealed this decision to the Appeals Council, and they rendered an opinion on May 25, 2011. Tr. 4-7. The Appeals Council amended the RFC to include the limitation that he be capable of performing only simple, unskilled, repetitive tasks. Subsequently, plaintiff filed this action. Doc. # 1. This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. Doc. # 11, 12.

**II.     Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's

2

findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *See Barnhart v. Walton*, 535 U. S. 212, 219-220 (2002).

A. **The Evaluation Process**:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

AO72A
(Rev. 8/82)

**III.** **Discussion**:

Plaintiff contends that ALJ erred by concluding he could return to his PRW. PRW is work that an individual has performed within the previous 15 years, that was substantial gainful activity, and that lasted long enough for him or her to learn to do it. 42 U. S. C. § 404.1560(1). At step four, an ALJ must consider whether a claimant's impairments keep him from doing his PRW. *Brown v. Barnhart*, 390 F.3d 535, 539 (8th Cir. 2004). The ALJ evaluates a claimant's ability to do past relevant work based on a review of the claimant's residual functional capacity and the physical and mental demands of his past work. *Kirby v. Sullivan*, 923 F.2d 1323, 1327 (8th Cir. 1991).

After reviewing the record, the undersigned is of the opinion that the record requires further development with regard to Plaintiff's PRW. First, there is insufficient evidence upon which to conclude that Plaintiff performed this work long enough for it to qualify as PRW. At the hearing, when asked about this, Plaintiff indicated that he did not work at the job long enough to be able to perform it without assistance. Tr. 52. He implied that he was advised by his supervisor, after only three days of work, that he did not think it was going to work out. Tr. 51-52.

While Plaintiff's earnings records indicate that Plaintiff worked at Superior Industries on at least three separate occasions (2000, 2001, and 2003), there is no evidence to indicate during which period of employment Plaintiff performed this position. Tr. 152-153. There is also no indication of how long Plaintiff was employed during each year of employment. Accordingly, we believe the record needs to be developed further with regard when this work was performed and the actual length of time Plaintiff performed this work.

The record also requires clarification as to the exact responsibilities of the job classified by the ALJ as production assembly. Plaintiff contends that the position of mold cleaner, which is classified as medium level work and defined as

4

> Tends one station on indexing-type centrifugal casting machine, performing any combination of following tasks involved in casting metal: Removes dirt and metal fragments from mold, using brush, water, or airhose. Fastens cover on end of mold. Starts mold rotating, and sprays insulation on inside surface of mold. Pours specified amount of metal into mold, using hand or crane ladle. Moves levers on tilting furnace to control flow of metal into pouring ladle. Removes cover on end of mold, and pulls casting from mold, using tongs. May be designated according to task performed as Dumper, Mold Cleaner (foundry); Puller (foundry); Sprayer (foundry).

provides a closer match to his actual job responsibilities than does the position identified by the vocational expert. DICTIONARY OF OCCUPATIONAL TITLES § 514.685-014, http://www.occupationalinfo.org/51/514685014.html (Last Visited August 27, 2012). The vocational expert classified Plaintiff's PRW as that of a production assembler which is classified as light work and defined as follows:

> Performs repetitive bench or line assembly operations to mass-produce products, such as automobile or tractor radiators, blower wheels, refrigerators, or gas stoves: Places parts in specified relationship to each other. Bolts, clips, screws, cements, or otherwise fastens parts together by hand, or using hand tools or portable power tools. May tend machines, such as arbor presses or riveting machine, to perform force fitting or fastening operations on assembly line. May be assigned to different work stations as production needs require. May work on line where tasks vary as different model of same article moves along line. May be designated according to part or product produced.

DICTIONARY OF OCCUPATIONAL TITLES § 706.687-010, http://www.occupationalinfo.org/70/706687010.html (Last Visited August 27, 2012).

Plaintiff testified that his work consisted of polishing molds and buffing out imperfections, preparing the wheels for production. Tr. 50-51. He made no mention of being involved with an assembly line, assembling parts, or being assigned to different work stations. And, we can discern no further evidence from the record that would assist the ALJ in determining the correct classification of this work. Given only the evidence of record, the undersigned can not say that substantial evidence supports the ALJ's contention that the Plaintiff ever actually performed the position of production assembler. The evidence is simply insufficient, and further development of the record is warranted.

5

On remand, the ALJ is directed to obtain evidence to clarify the specific physical and mental demands of this work. This will allow the ALJ to properly analyze whether Plaintiff's residual functional capacity will allow him to return to this work. If after proper review of an adequately developed record, the ALJ finds that Plaintiff cannot return to his PRW, the burden will shift to the Commissioner to prove the existence of other jobs in the national economy that Plaintiff can perform. *Sells v. Shalala,* 48 F.3d 1044 (8th Cir. 1995).

IV.   **Conclusion:**

Based on the foregoing, we reverse the decision of the ALJ and remand this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 27th day of August 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)